**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: August 06 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-38696 |
| | ) | |
| Walter W. Kaiser and | ) | Chapter 7 |
| Helen Kaiser, | ) | |
| | ) | Adv. Pro. No. 10-3109 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Done Right Builders, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Walter W. Kaiser, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court on Plaintiff's amended motion to disqualify Defendants' attorney [Doc. # 21], and Defendants' amended response [Doc. # 18]. Defendants are debtors in the underlying Chapter 7 case. In its complaint, Plaintiff seeks a determination that a debt owed to it by Defendants is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Plaintiff argues that litigation of issues raised in the complaint will require the testimony of Defendants' attorney, Charles R. Hall ("Hall") and that

a conflict of interest exists since Hall is also a named creditor in Defendants' Chapter 7 case. For the following reasons, Plaintiff's Motion to Disqualify will be denied.

## BACKGROUND

The following facts are alleged in Plaintiff's complaint. Defendants engaged Plaintiff's services to tear down and rebuild their residence after they experienced a property casualty loss. [Doc. # 1, Complaint, ¶ 6]. Throughout the course of the rebuild, Plaintiff submitted invoices to Defendants for work completed that were ultimately paid by Defendants' insurer, Allstate Insurance Company ("Allstate"). Plaintiff received $99,900 of the total $122,900 billed but did not receive payment of the last invoice of $23,000. [*Id.* at ¶¶ 7-9]. Defendants assured Plaintiff that it would be paid throughout the final phase of the rebuild and Plaintiff relied on those assurances. [*Id.* at ¶ 25-26]. After completion of the rebuild, Defendant Helen Kaiser called Allstate to inform it that the work was completed and done in a satisfactory fashion. [*Id.* at ¶ 12]. Defendants then received the $23,000 from Allstate, and filed a lawsuit in state court against Plaintiff for violating Ohio's Consumer Sales Practice Act. [*Id.* at ¶¶ 14-15]. As a result of that litigation, a jury awarded $27,000 to Plaintiff. [*Id.* at ¶ 17]. One week later, Defendants filed for Chapter 7 relief. [*Id.* at ¶ 18]. According to Plaintiff, Defendants did not intend to pay it for the work performed in completing the rebuild. [*Id.* at ¶ 28].

## DISCUSSION

The "rules regulating attorney conduct in federal court are strictly a matter of federal law." *Sheridan v. Michels (In re Sheridan)*, 362 F.3d 96, 109 n.16 (1st Cir. 2004); *see In re Desilets,* 291 F.3d 925, 931 (6th Cir. 2002). Neither party has directed the court to and the court is not aware of any federal statutes or rules or common law that provide specific federal standards for attorney disqualification on the grounds of conflict of interest and status as a witness. The Local Bankruptcy Rules of the Northern District of Ohio provide that admission to practice and discipline in this court are governed by the Local Civil Rules of the United States District Court for the Northern District of Ohio. L. Bankr. R. 2090-1, 2090-2. The Local Civil Rules of the United States District Court for the Northern District of Ohio provide that "[a]ttorneys admitted to practice in this Court shall be bound by the ethical standards of the Ohio Rules of Professional Conduct adopted by the Supreme Court of the State of Ohio, so far as they are not inconsistent with federal law." L.R. 83.7 (a). Since there are no relevant federal bankruptcy or other standards that govern the issue before the court, the court will apply the Ohio Rules of Professional Conduct as directed by the applicable local rules of practice. *See In re Desilets*, 291 F.3d at 929 (federal courts often reference state rules in their

requirements, but need not do so); *In re Lucas,* 317 B.R. 195, 200 (D. Mass. 2004) (applicable federal law incorporates state law, including Massachusetts Rules of Professional Conduct).

Ohio courts have recognized that "disqualification of an attorney is a drastic measure that should not be taken unless absolutely necessary." *Brown v. Spectrum Networks, Inc.*, 180 Ohio App. 3d 99, 103 (2008); *Spivey v. Bender*, 77 Ohio App. 3d 17, 22 (1991). The burden of proving that disqualification is necessary is on the moving party. *Brown,* 180 Ohio App. 3d at 104. Plaintiff moves for disqualification of Hall under Rules 1.7 and 3.7 of the Ohio Rules of Professional Conduct.

First, Plaintiff argues that Hall should be disqualified under Rule 1.7, which provides that a lawyer's continued representation of a client creates a conflict of interest if either of the following applies:

(1) the representation of that client will be directly adverse to another current client;

(2) there is a *substantial* risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests. (emphasis in original).

Plaintiff contends that an "inherent" conflict of interest exists in that Hall is both counsel for Defendants in this proceeding and a creditor in their Chapter 7 case. It is presumably Plaintiff's position that the fact that Hall is a creditor in the Chapter 7 case is a personal interest that creates a substantial risk that Hall's ability to properly represent Defendants in this proceeding will be materially limited. The court disagrees. Debtors have received their discharge in their Chapter 7 case and any pre-petition debt owed to Hall has, therefore, been discharged. The mere fact that he was a creditor in the underlying case does not, without more, create a conflict of interest. As such, disqualification under Rule 1.7 is not appropriate.

Next, Plaintiff argues that Hall must be disqualified because he will be called to provide documentation and testimony as to when he was retained by Defendants, the nature and scope of his discussions with Defendants prior to filing their state court action against Plaintiff, and his understanding and involvement in how the $23,000 insurance check was issued, where it was sent, and how it was spent. Rule 3.7 provides in pertinent part as follows:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case;

3

> (3) the disqualification of the lawyer would work *substantial* hardship on the client. (emphasis in original).

To meet the necessity requirement under Rule 3.7, Plaintiff must demonstrate that Hall's testimony "is relevant and material to the determination of the issues being litigated and unobtainable elsewhere." *Brown*, 180 Ohio App. 3d at 105.

Hall's testimony may be relevant and material to Plaintiff's dischargeability action and, specifically, to its allegations that Defendants did not intend to pay it for its services in completing the work on their home. However, Plaintiff has not set forth any facts from which the court could conclude that the content of Hall's testimony is unobtainable from other sources. At the hearing on its motion to disqualify, Plaintiff's attorney acknowledged such testimony could be obtained from Defendants themselves. Although, as Plaintiff argues, Defendants may indeed invoke the attorney/client privilege, the same privilege issues exist whether Defendants or their attorney testify and, thus, they do not make Hall a "necessary witness." Allstate would also appear to have evidence relating to issuance of the check. Because Plaintiff has not at this time shown the necessity of Hall's testimony, the court finds that disqualification under Rule 3.7 is not appropriate.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's amended Motion to Disqualify Debtors' Attorney [Doc. # 21] be, and hereby is, **DENIED without prejudice.**