**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 28 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-38696 |
| | ) | |
| Walter W. Kaiser and | ) | Chapter 7 |
| Helen Kaiser, | ) | |
| | ) | Adv. Pro. No. 10-3109 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Done Right Builders, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Walter W. Kaiser, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF DECISION AND ORDER
### DENYING MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on Defendants' Motion for Summary Judgment ("Motion") [Doc. ## 13 & 5],[1] Plaintiff's response [Doc. # 36], and Defendants' reply [Doc. # 37]. Defendants are Debtors in the underlying Chapter 7 case. In its complaint, Plaintiff seeks a determination

---

[1] This motion was originally filed as a motion to dismiss [Doc. # 5]. However, because the motion refers to matters outside the pleadings, the court informed the parties at a pretrial conference that it would treat the motion to dismiss as a motion for summary judgment. Thereafter, Defendants filed the same motion as a motion for summary judgment. [Doc. # 13]

that a debt owed to it by Defendants is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Defendants' Motion seeks summary judgment based on collateral estoppel principles. For the following reasons, the Motion will be denied.

## FACTUAL BACKGROUND

The undisputed facts relevant to this Motion are simple and straight forward. Defendants commenced a state court action against Plaintiff on December 15, 2008. Plaintiff filed an Answer and Counterclaim against Defendants, alleging a breach of contract action only. [*See* Def. Ex. A].[2] As a result of that litigation, a jury awarded Plaintiff $27,000, and it awarded Defendants $1,000. On December 18, 2009, Defendants filed a petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff timely filed a complaint seeking a determination that the debt owed to it by Defendants is for property and services obtained through a material misrepresentation and is, therefore, nondischargeable under § 523(a)(2)(A).

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists

---

[2] Generally, to be considered by the court at the summary judgment stage, "'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (quoting *Oris v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993); *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Although Defendants' Exhibit A, the state court complaint, has not been properly authenticated, *see* Fed. R. Evid. 901-903, Plaintiff has not objected to the document, so the court will consider it. *See Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 89 (6th Cir. 1993).

2

if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

## II. Plaintiff Is Not Collaterally Estopped From Asserting Its Claim

Defendants base their Motion on the alleged collateral estoppel, or issue preclusion, effect of the state court judgment. Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999). In determining whether the prior judgment should be given preclusive effect in a federal action, the federal court must apply the law of the state in which the prior judgment was rendered. *Id.* Thus, in this case, the court must apply Ohio issue preclusion principles.

Under Ohio law, there are four elements to the application of the doctrine of collateral estoppel: (1) a final judgment on the merits after a full and fair opportunity to litigate the issue; (2) the issue was actually and directly litigated in the prior action and must have been necessary to the final judgment; (3) the issue in the present suit must have been identical to the issue in the prior suit; and (4) the party against whom estoppel is sought was a party or in privity with the party to the prior action. *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002). "Issue preclusion precludes the relitigation of an issue that has been ***actually and necessarily*** litigated and determined in a prior action." *MetroHealth Medical Ctr. v. Hoffmann-LaRoche, Inc.*, 80 Ohio St. 3d 212, 217, 685 N.E.2d 529, 533 (1997) (emphasis added). The party asserting collateral estoppel carries the burden of proving its requirements by a preponderance of the evidence. *A Packaging Service Co. v. Siml (In re Siml),* 261 B.R. 419, 422 (Bankr. N.D. Ohio 2001).

In this case, Defendants argue that Plaintiff's failure to pursue a fraud claim in the prior state court action precludes its claim under § 523(a)(2)(A) based on fraudulent misrepresentation. However, although res judicata forecloses all claims that could have been litigated in an earlier case, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. *Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979). Collateral estoppel principles do not apply in this case because, as Defendants agree, fraudulent misrepresentation was not raised and, therefore, was not actually and necessarily decided in the state court action.

Nor does res judicata bar Plaintiff's nondichargeability claim. The dischargeability claim did not even exist at the time of the state court proceeding because Defendants had not yet filed their bankruptcy petition. Moreover, a judgment of a state court is not res judicata as to a dischargeability claim that is within the exclusive jurisdiction of the federal courts. *Tomlin v. Crownover (In re Crownover)*, 417 B.R. 45, 51 (Bankr. E.D. Tenn. 2009) (citing *Brown v. Felsen,* 442 U.S. 127 (1979)). Plaintiff's dischargeability claim

brought under § 523(a)(2)(A) is within the exclusive jurisdiction of this court. *See* 11 U.S.C. § 523(c).

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 13 & 5] be, and hereby is, **DENIED.**