The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 28 2011**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-38696 |
| | ) | |
| Walter W. Kaiser and | ) | Chapter 7 |
| Helen Kaiser, | ) | |
| | ) | Adv. Pro. No. 10-3109 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Done Right Builders, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Walter W. Kaiser, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF DECISION AND ORDER
## DENYING MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on Defendants' Motion for Summary Judgment ("Motion") brought pursuant to Rule 17 of the Federal Rules of Civil Procedure [Doc. ## 14 & 10],[1] and Plaintiff's response [Doc. # 35]. For the following reasons, Defendants' Motion will be denied.

_____

[1] This motion was originally filed as a motion to dismiss [Doc. # 10]. However, because the motion refers to matters outside the pleadings, the court informed the parties at a pretrial conference that it would treat the motion to dismiss as a motion for summary judgment. Thereafter, Defendant's filed the same motion as a motion for summary judgment. [Doc. # 14]

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to issues on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.*

The basis of Defendants' argument in support of their Motion is that Plaintiff has not registered its fictitious name with the Ohio Secretary of State and, as a result, does not have the capacity to sue. Thus, Defendants argue that Plaintiff is not a proper party in bringing this adversary proceeding. However, Defendants offer no evidence in support of their Motion. *Cf. Stults & Assocs., Inc. v. United Mobile Homes, Inc.*, No. 9-97-66, 1998 WL 720471, *5, 1998 (supporting motion with a certificate from the Ohio Secretary of State attesting to the absence of any record that party was registered in Ohio). Nevertheless, Plaintiff offers undisputed evidence that it registered its fictitious name with the Ohio Secretary of State on May 28, 2010, after it commenced this adversary proceeding.[2]

---

[2] Plaintiff attaches as an exhibit to its response to the Motion a document that purports to be the Ohio Secretary of State's business filing record of Done Right Builders filing its fictitious name on May 28, 2010. [*See* Doc. # 35, Ex. A]. Generally, to be considered by the court at the summary judgment stage, "'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (quoting *Oris v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993); *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Although the document submitted in connection with Plaintiff's response to the Motion has not been properly authenticated, *see* Fed. R. Evid. 901-903, Defendants have not objected to the document, so the court will consider it. *See Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 89 (6th Cir. 1993). Moreover, the court takes judicial notice of public documents filed with the Ohio Secretary of State, viewable at the Secretary of State's website by doing a business name search at http://www.sos.state.oh.us/ SOS/businessServices.aspx. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *see Veldekens v. GE HFS Holdings, Inc. (In re*

For all parties other than individuals and corporations, capacity to sue is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b); Fed. R. Bankr. P. 7017. This court must, therefore, look to Ohio law, which provides as follows:

> No person doing business under a trade name or fictitious name shall commence or maintain an action in the trade name or fictitious name in any court in this state or on account of any contracts made or transactions had in the trade name or fictitious name until it has first complied with section 1329.01 of the Revised Code . . . but upon compliance, such an action may be commenced or maintained on any contracts and transactions entered into prior to compliance.

Ohio Revised Code § 1329.10(B).

As one court observed, "From a clear reading of the statute, a person doing business under a fictitious trade/business name may maintain a cause of action in the trade/business name if he or she has registered the fictitious name in accordance with [Ohio Revised Code §] 1329.01 prior to the entry of final judgment." *MBA Realty v. Little G, Inc.*, 116 Ohio App. 3d 334, 337 (1996); *see Dodd v. Keybank*, No. 85949, 2006 WL 62432, *3, 2006 Ohio App. LEXIS 79, *8-9 (Jan. 12, 2006). Section 1329.01 directs a person to register a fictitious name with the Secretary of State by filing the form prescribed by the Secretary of State. Ohio Rev. Code § 1329.01(B).

Because Plaintiff has registered its fictitious name with the Secretary of State during the pendency of this case, it now has the capacity to sue and, under § 1329.10(B), it may maintain this action.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment [Doc. ## 14 & 10] be, and hereby is, **DENIED.**

---

*Doctors Hosp. 1997, L.P.)*, 351 B.R. 813, 822 (Bankr. S.D. Tex. 2006); *In re Senor's Q, Inc.*, 264 B.R. 669, 673 (Bankr. E. De. Cal. 2001).